DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH SALVESON, State Bar #83788
Chief Labor Attorney
RUTH M. BOND, State Bar #214582
Deputy City Attorney
Fox Plaza
1390 Market Street, Floor No. 5
San Francisco, California 94102-5408
Telephone: (415) 554-3976
Facsimile: (415) 554-4248
E-Mail: ruth.bond@sfgov.org

ATTORNEYS FOR DEFENDANT:
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIANA D. BLUNT,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, DEPARTMENT OF PUBLIC HEALTH, and DOES 1 THROUGH 25,<br><br>Defendant. | Case No. CV 08-3045 PJH<br><br>***E-FILING DOCUMENT***<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Date Action Filed: June 20, 2008<br>Trial Date: None Set |

Defendant City and County of San Francisco (the "City") hereby responds to the Complaint For Declaratory Relief, Injunctive Relief and Damages ("Complaint") filed by Plaintiff Tiana D. Blunt ("Plaintiff") as follows:

I

FACTS COMMON TO ALL CAUSES OF ACTION

1. In response to Paragraph 1 of the Complaint, Defendant lacks information or knowledge sufficient to respond to Plaintiff's allegation as to her racial background and her residency and, on that basis, Defendant denies each and every such allegation.

2. In response to Paragraph 2 of the Complaint, Defendant admits that the City and County of San Francisco is a government entity and a municipality in the State of California. Defendant also admits that Laguna Honda Hospital and Rehabilitation Center ("Laguna Honda") is owned and operated by the City's Department of Public Health.

3. In response to Paragraph 3 of the Complaint, Defendants deny each and every allegation contained therein.

4. In response to Paragraph 4 of the Complaint, Defendants deny each and every allegation contained therein.

5. In response to Paragraph 5 of the Complaint, Defendant admits that Plaintiff was employed by the City in the job classification of 2302 (Nursing Assistant), and was assigned to Laguna Honda from 1996 to 2000. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 5 of the Complaint.

6. In response to Paragraph 5 of the Complaint, Defendant lacks information or knowledge sufficient to respond to Plaintiff's allegation regarding where Plaintiff was employed between 2000 and 2004 and, on that basis, Defendant denies each and every such allegation.

7. In response to Paragraph 7 of the Complaint, Defendant admits that Plaintiff was employed by the City in the job classification of 2312 (Licensed Vocational Nurse), and was assigned to Laguna Honda beginning in 2004. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 7 of the Complaint.

8. In response to Paragraph 8, Defendant admits that during Plaintiff's employment at Laguna Honda from 1996 to 2000 she was a certified nursing assistant and that during her employment at Laguna Honda from 2004 to 2008 she was a Licensed Vocational Nurse. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, Defendant denies each and every allegation contained therein.

10. In response to Paragraph 10 of the Complaint, Defendant denies each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, Defendant denies each and every allegation contained therein.

## II

## FIRST CAUSE OF ACTION

## 42 U.S.C. Section 1981

12. In response to Paragraph 12 of the Complaint, Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 11, inclusive, with the same force and effect as if fully set forth herein.

13. In response to Paragraph 13 of the Complaint, Defendant admits that, pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over the claims brought by Plaintiff under 42 U.S.C. § 1981. Defendant also contends that the statutory language of 42 U.S.C. § 1981 speaks for itself. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 13 of the Complaint.

14. In response to Paragraph 14 of the Complaint, Defendant admits that venue is proper in this judicial district.

15. In response to Paragraph 15 of the Complaint, Defendant denies each and every allegation contained therein.

16. In response to Paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein.

17. In response to Paragraph 17 of the Complaint, Defendant denies each and every allegation contained therein.

18. In response to Paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19. In response to Paragraph 19 of the Complaint, Defendant denies each and every allegation contained therein.

III

SECOND CAUSE OF ACTION

42 U.S.C. SECTION 2000e-2

20. In response to Paragraph 20 of the Complaint, Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 19, inclusive, with the same force and effect as if fully set forth herein.

21. In response to Paragraph 21 of the Complaint, Defendant denies that the statutory provision stated by Plaintiff – 42 U.S.C. Section 2000e(5)(3) – provides this Court with original jurisdiction based on the fact that this statutory provision does not exist. Defendant also contends that the statutory language of 42 U.S.C. Section 2000e-2(a) speaks for itself. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

23. In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation contained therein.

24. In response to Paragraph 24 of the Complaint, Defendant denies each and every allegation contained therein.

25. In response to Paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26. In response to Paragraph 26 of the Complaint, Defendant admits that in or about May 2008, the City received notification from the Equal Employment Opportunity Commission ("EEOC")

that Plaintiff filed a charge of discrimination with the Agency on or about May 29, 2008. Defendant further admits that Exhibit 1 to the Complaint reflects a copy of that discrimination charge. Defendant asserts that, to their knowledge, neither the Department of Justice nor the EEOC has issued a Notice of Right to Sue related to the May 29, 2008 discrimination charge. Hence, Defendant agrees that Plaintiff has not exhausted her administrative remedies, as required by applicable laws. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 26 of the Complaint, including the allegations contained in Exhibit 1 to the Complaint.

IV

THIRD CAUSE OF ACTION

42 U.S.C. 2000e-2

27. In response to Paragraph 27 of the Complaint, Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 26, inclusive, with the same force and effect as if fully set forth herein.

28. In response to Paragraph 28 of the Complaint, Defendant denies that the statutory provision stated by Plaintiff – 42 U.S.C. Section 2000e(5)(3) – provides this Court with original jurisdiction based on the fact that this statutory provision does not exist. Defendant also contends that the statutory language of 42 U.S.C. Section 2000e-2(a) speaks for itself. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, Defendant lacks information or knowledge sufficient to respond to Plaintiff's allegation as to her religion or her religious practices and, on that basis, Defendant denies each and every such allegation.

30. In response to Paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31. In response to Paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32. In response to Paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

33. In response to Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34. In response to Paragraph 34 of the Complaint, Defendant admits that in or about May 2008, the City received notification from the Equal Employment Opportunity Commission ("EEOC") that Plaintiff filed a charge of discrimination with the Agency on or about May 29, 2008. Defendant further admits that Exhibit 1 to the Complaint reflects a copy of that discrimination charge. Defendant asserts that, to their knowledge, neither the Department of Justice nor the EEOC has issued a Notice of Right to Sue related to the May 29, 2008 discrimination charge. Hence, Defendant agrees that Plaintiff has not exhausted her administrative remedies, as required by applicable laws. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 34 of the Complaint, including the allegations contained in Exhibit 1 to the Complaint.

V

FOURTH CAUSE OF ACTION

42 U.S.C. 2000e-3

35. In response to Paragraph 35 of the Complaint, Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 34, inclusive, with the same force and effect as if fully set forth herein.

36. In response to Paragraph 36 of the Complaint, Defendant denies that the statutory provision stated by Plaintiff – 42 U.S.C. Section 2000e-5(3) – provides this Court with original jurisdiction based on the fact that this statutory provision does not exist. Defendant also contends that the statutory language of 42 U.S.C. Section 2000e-3 speaks for itself. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 36 of the Complaint.

37. In response to Paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

38. In response to Paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

39. In response to Paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

40. In response to Paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

41. In response to Paragraph 41 of the Complaint, Defendant admits that in or about May 2008, the City received notification from the Equal Employment Opportunity Commission ("EEOC") that Plaintiff filed a charge of discrimination with the Agency on or about May 29, 2008. Defendant further admits that Exhibit 1 to the Complaint reflects a copy of that discrimination charge. Defendant asserts that, to their knowledge, neither the Department of Justice nor the EEOC has issued a Notice of Right to Sue related to the May 29, 2008 discrimination charge. Hence, Defendant agrees that Plaintiff has not exhausted her administrative remedies, as required by applicable laws. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 41 of the Complaint, including the allegations contained in Exhibit 1 to the Complaint.

VI

FIFTH CAUSE OF ACTION

AMERICANS WITH DISABILITIES ACT

42. In response to Paragraph 42 of the Complaint, Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 41, inclusive, with the same force and effect as if fully set forth herein.

43. In response to Paragraph 43 of the Complaint, Defendant admits that the Court has original jurisdiction over the claims brought by Plaintiff under the Americans With Disabilities Act, 42 U.S.C. § 12101. Defendant also contends that the statutory language of 42 U.S.C. § 12101 speaks for itself. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 43 of the Complaint.

44. In response to Paragraph 44 of the Complaint, Defendant lacks information or knowledge sufficient to respond to Plaintiff's allegation as to her physical disability and, on that basis, Defendant denies each and every such allegation.

45. In response to Paragraph 45 of the Complaint, Defendant lacks information or knowledge sufficient to respond to Plaintiff's allegation regarding her physical disability and, on that basis, Defendant denies each and every such allegation.

46. In response to Paragraph 46 of the Complaint, Defendant denies each and every allegation contained therein.

47. In response to Paragraph 47 of the Complaint, Defendant denies each and every allegation contained therein.

48. In response to Paragraph 48 of the Complaint, Defendant denies each and every allegation contained therein.

49. In response to Paragraph 49 of the Complaint, Defendant denies each and every allegation contained therein.

50. In response to Paragraph 50 of the Complaint, Defendant admits that in or about May 2008, the City received notification from the Equal Employment Opportunity Commission ("EEOC") that Plaintiff filed a charge of discrimination with the Agency on or about May 29, 2008. Defendant further admits that Exhibit 1 to the Complaint reflects a copy of that discrimination charge. Defendant asserts that, to their knowledge, neither the Department of Justice nor the EEOC has issued a Notice of Right to Sue related to the May 29, 2008 discrimination charge. Hence, Defendant agrees that Plaintiff has not exhausted her administrative remedies, as required by applicable laws. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 50 of the Complaint, including the allegations contained in Exhibit 1 to the Complaint.

VII

SIXTH CAUSE OF ACTION

GOVERNMENT CODE SECTION 12940a

51. In response to Paragraph 51 of the Complaint, Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 51, inclusive, with the same force and effect as if fully set forth herein.

52. In response to Paragraph 52 of the Complaint, Defendant denies that Government Code Section 12965 grants this Court with original jurisdiction over the FEHA claims brought by

Plaintiff in this case. Furthermore, Defendant also contends that the statutory language of Government Code Sections 12940a and 12965 speak for themselves. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 52 of the Complaint.

53. In response to Paragraph 53 of the Complaint, Defendant lacks information or knowledge sufficient to respond to Plaintiff's allegation as to her racial background and, on that basis, Defendant denies each and every such allegation.

54. In response to Paragraph 54 of the Complaint, Defendant denies each and every allegation contained therein.

55. In response to Paragraph 55 of the Complaint, Defendant denies each and every allegation contained therein.

56. In response to Paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein.

57. In response to Paragraph 57 of the Complaint, Defendant denies each and every allegation contained therein.

58. In response to Paragraph 58 of the Complaint, Defendant admits that in or about May 2008, the City received notification from the Equal Employment Opportunity Commission ("EEOC") that Plaintiff filed a charge of discrimination with the Agency on or about May 29, 2008. Defendant further admits that Exhibit 2 to the Complaint reflects a copy of that discrimination charge. Defendant asserts that, to their knowledge, neither the Department of Justice nor the EEOC has issued a Notice of Right to Sue related to the May 29, 2008 discrimination charge. Hence, Defendant agrees that Plaintiff has not exhausted her administrative remedies, as required by applicable laws. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 58 of the Complaint, including the allegations contained in Exhibit 2 to the Complaint.

VIII

SEVENTH CAUSE OF ACTION

GOVERNMENT CODE SECTION 12940a

59. In response to Paragraph 59 of the Complaint, Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 59, inclusive, with the same force and effect as if fully set forth herein.

60. In response to Paragraph 60 of the Complaint, Defendant denies that Government Code Section 12965 grants this Court with original jurisdiction over the FEHA claims brought by Plaintiff in this case. Furthermore, Defendant also contends that the statutory language of Government Code Sections 12940a and 12965 speak for themselves. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 60 of the Complaint.

61. In response to Paragraph 61 of the Complaint, Defendant lacks information or knowledge sufficient to respond to Plaintiff's allegations as to her religious background or her religious practices and, on that basis, Defendant denies each and every such allegation.

62. In response to Paragraph 62 of the Complaint, Defendant denies each and every allegation contained therein.

63. In response to Paragraph 63 of the Complaint, Defendant denies each and every allegation contained therein.

64. In response to Paragraph 64 of the Complaint, Defendant denies each and every allegation contained therein.

65. In response to Paragraph 65 of the Complaint, Defendant admits that in or about May 2008, the City received notification from the Equal Employment Opportunity Commission ("EEOC") that Plaintiff filed a charge of discrimination with the Agency on or about May 29, 2008. Defendant further admits that Exhibit 2 to the Complaint reflects a copy of that discrimination charge. Defendant asserts that, to their knowledge, neither the Department of Justice nor the EEOC has issued a Notice of Right to Sue related to the May 29, 2008 discrimination charge. Hence, Defendant agrees that Plaintiff has not exhausted her administrative remedies, as required by applicable laws. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 65 of the Complaint, including the allegations contained in Exhibit 2 to the Complaint.

IX

EIGHTH CAUSE OF ACTION

GOVERNMENT CODE SECTION 12940(a) and (m)

66. In response to Paragraph 66 of the Complaint, Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 65, inclusive, with the same force and effect as if fully set forth herein.

67. In response to Paragraph 67 of the Complaint, Defendant denies that Government Code Section 12965 grants this Court with original jurisdiction over the FEHA claims brought by Plaintiff in this case. Furthermore, Defendant also contends that the statutory language of Government Code Sections 12940 (a) and (m) and 12965 speak for themselves. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 67 of the Complaint.

68. In response to Paragraph 68 of the Complaint, Defendant lacks information or knowledge sufficient to respond to Plaintiff's allegation as to her physical disability and, on that basis, Defendant denies each and every such allegation.

69. In response to Paragraph 69 of the Complaint, Defendant lacks information or knowledge sufficient to respond to Plaintiff's allegation as to her physical disability and, on that basis, Defendant denies each and every such allegation.

70. In response to Paragraph 70 of the Complaint, Defendant denies each and every allegation contained therein.

71. In response to Paragraph 71 of the Complaint, Defendant denies each and every allegation contained therein.

72. In response to Paragraph 72 of the Complaint, Defendant denies each and every allegation contained therein.

73. In response to Paragraph 73 of the Complaint, Defendant admits that in or about May 2008, the City received notification from the Equal Employment Opportunity Commission ("EEOC") that Plaintiff filed a charge of discrimination with the Agency on or about May 29, 2008. Defendant further admits that Exhibit 2 to the Complaint reflects a copy of that discrimination charge.

Defendant asserts that, to their knowledge, neither the Department of Justice nor the EEOC has issued a Notice of Right to Sue related to the May 29, 2008 discrimination charge. Hence, Defendant agrees that Plaintiff has not exhausted her administrative remedies, as required by applicable laws. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 73 of the Complaint, including the allegations contained in Exhibit 2 to the Complaint.

X

NINTH CAUSE OF ACTION

GOVERNMENT CODE SECTION 12940(h) and (j)

74. In response to Paragraph 74 of the Complaint, Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 73, inclusive, with the same force and effect as if fully set forth herein.

75. In response to Paragraph 75 of the Complaint, Defendant denies that Government Code Section 12965 grants this Court with original jurisdiction over the FEHA claims brought by Plaintiff in this case. Furthermore, Defendant also contends that the statutory language of Government Code Sections 12940 (h) and (j) and 12965 speak for themselves. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 75 of the Complaint.

76. In response to Paragraph 76 of the Complaint, Defendant denies each and every allegation contained therein.

77. In response to Paragraph 77 of the Complaint, Defendant denies each and every allegation contained therein.

78. In response to Paragraph 78 of the Complaint, Defendant denies each and every allegation contained therein.

79. In response to Paragraph 79 of the Complaint, Defendant denies each and every allegation contained therein.

80. In response to Paragraph 80 of the Complaint, Defendant denies each and every allegation contained therein.

81. In response to Paragraph 81 of the Complaint, Defendant admits that in or about May 2008, the City received notification from the Equal Employment Opportunity Commission ("EEOC") that Plaintiff filed a charge of discrimination with the Agency on or about May 29, 2008. Defendant further admits that Exhibit 2 to the Complaint reflects a copy of that discrimination charge. Defendant asserts that, to their knowledge, neither the Department of Justice nor the EEOC has issued a Notice of Right to Sue related to the May 29, 2008 discrimination charge. Hence, Defendant agrees that Plaintiff has not exhausted her administrative remedies, as required by applicable laws. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 82 of the Complaint, including the allegations contained in Exhibit 2 to the Complaint.

XI

TENTH CAUSE OF ACTION

CALIFORNIA CONSTITUTION, ARTICLE I, SECTION 8

82. In response to Paragraph 82 of the Complaint, Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 81, inclusive, with the same force and effect as if fully set forth herein.

83. In response to Paragraph 83 of the Complaint, Defendant denies that this Court has original jurisdiction over Plaintiff's claims brought under California Constitution, Article I, Section 8. Furthermore, Defendant also contends that the language in California Constitution, Article I, Section 8 speaks for itself. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 83 of the Complaint.

84. In response to Paragraph 84 of the Complaint, Defendant lacks information or knowledge sufficient to respond to Plaintiff's allegation as to her residency and, on that basis, Defendant denies each and every such allegation.

85. In response to Paragraph 85 of the Complaint, Defendant admits that certain Federal and state laws prohibit discrimination in employment on the basis of an individual's race and sex. Except as so admitted, Defendant lacks sufficient information and knowledge to respond to the remaining allegations in this paragraph, and on that basis denies each and every remaining allegation in this paragraph.

86. In response to Paragraph 86 of the Complaint, Defendant denies each and every allegation contained therein.

87. In response to Paragraph 87 of the Complaint, Defendant denies each and every allegation contained therein.

88. In response to Paragraph 88 of the Complaint, Defendant denies each and every allegation contained therein.

89. In response to Paragraph 89 of the Complaint, Defendant denies each and every allegation contained therein.

90. In response to Paragraph 90 of the Complaint, Defendant denies each and every allegation contained therein.

XII

ELEVENTH CAUSE OF ACTION

LABOR CODE SECTION 1101, *et. seq.*

91. In response to Paragraph 91 of the Complaint, Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 90, inclusive, with the same force and effect as if fully set forth herein.

92. In response to Paragraph 92 of the Complaint, Defendant denies each and every allegation contained therein.

93. In response to Paragraph 93 of the Complaint, Defendant denies each and every allegation contained therein.

94. In response to Paragraph 94 of the Complaint, Defendant denies each and every allegation contained therein.

95. In response to Paragraph 95, Defendant contends that the provisions of Health and Safety Code Section 1262.6 and California Code of Regulations speak for themselves. Defendant denies each and every remaining allegation contained in Paragraph 95.

96. In response to Paragraph 96 of the Complaint, Defendant denies each and every allegation contained therein.

97. In response to Paragraph 97 of the Complaint, Defendant denies each and every allegation contained therein.

98. In response to Paragraph 98 of the Complaint, Defendant denies each and every allegation contained therein.

99. In response to Paragraph 99 of the Complaint, Defendant denies each and every allegation contained therein.

100. In response to Paragraph 100 of the Complaint, Defendant denies each and every allegation contained therein.

101. In response to Paragraph 101 of the Complaint, Defendant admits that on or about June 20, 2008, the City received a claim from Plaintiff. Defendant further admits that Exhibit 4 to the Complaint reflects a copy of the alleged claim. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 101 of the Complaint, including the allegations contained in Exhibit 4 to the Complaint.

102. In response to Paragraph 102 of the Complaint, Defendant lacks information or knowledge sufficient to respond to Plaintiff's allegation in Paragraph 102 and, on that basis, Defendant denies each and every such allegation therein.

XIII

TWELFTH CAUSE OF ACTION

CALIFORNIA GOVERNMENT CODE SECTION 12900, *ET SEQ.*

103. In response to Paragraph 103 of the Complaint, Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 102, inclusive, with the same force and effect as if fully set forth herein.

104. In response to Paragraph 104 of the Complaint, Defendant denies that Government Code Section 12965 grants this Court original jurisdiction over the FEHA claims brought by Plaintiff in this case. Furthermore, Defendant also contends that the statutory language of Government Code Sections 12940 (g) and Section 11161.8 of the Penal Code speak for themselves. Except as so expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 104 of the Complaint.

105. In response to Paragraph 105 of the Complaint, Defendant lacks information or knowledge sufficient to form a belief as to the truth of this allegation and, on that basis, Defendant denies each and every allegation in Paragraph 105.

106. In response to Paragraph 106 of the Complaint, Defendant denies each and every allegation contained therein.

107. In response to Paragraph 107 of the Complaint, Defendant denies each and every allegation contained therein.

108. In response to Paragraph 108 of the Complaint, Defendant denies each and every allegation contained therein.

109. In response to Paragraph 109 of the Complaint, Defendant denies each and every allegation contained therein.

110. In response to Paragraph 110 of the Complaint, Defendant denies each and every allegation contained therein.

111. In response to Paragraph 111 of the Complaint, Defendant denies each and every allegation contained therein.

VIII

PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief whatsoever, including the relief identified in the Complaint.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses to the Complaint, without conceding that Defendant has the burden of persuasion or the burden of proof as to any affirmative defense set forth herein:

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint, and each and every allegation contained therein, whether considered singly or in combination, fail to state facts sufficient to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The Complaint, and each and every claim set forth therein, are barred by applicable statute of limitations, including but not limited to the provisions of Government Code §§ 12960 and

12965, Code of Civil Procedure §§ 338, 340, 342, 343, and 1094.6, 28 U.S.C. § 1658, and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000-*et seq.*

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff has failed, in whole or in part, to exhaust her administrative, judicial, and/or contractual remedies in a timely manner.

**FOURTH AFFIRMATIVE DEFENSE**

4. Defendant asserts the various absolute and qualified immunities conferred upon it, either directly or indirectly, pursuant to the United States Constitution and the California Government Code and other applicable provisions of law, including but not limited to those contained in Division 3.6 of Title 1 of the California Government Code, such as agency immunity pursuant to Government Code §§ 815, 815.2, 818, 818.2, 818.8; immunity from liability for intentional torts pursuant to Government Code § 815.3; discretionary immunity pursuant to Government Code § 820.2; prosecutorial immunity pursuant to Government Code § 821.6; and other immunities pursuant to Government Code §§ 820.4 and 820.8.

**FIFTH AFFIRMATIVE DEFENSE**

5. At all times and places alleged in the Complaint, Defendant acted in good faith, without malice or a fraudulent intent, and in conformity with and reliance upon applicable policies, procedures, regulations and laws.

**SIXTH AFFIRMATIVE DEFENSE**

6. Any and all employment actions taken with respect to Plaintiff were not based on any discriminatory motive or in retaliation for any activity engaged in by Plaintiff, or based on any other improper or illegal consideration, but rather were based on one or more legitimate, sufficient, non-discriminatory and non-retaliatory reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to fully comply with the claims filing requirements of applicable law, including, but not limited to, the California Tort Claims Act, as contained in the California Government Code Section 910, et seq.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims are barred because any injury or damage suffered by Plaintiff was caused by the intentional, reckless or negligent acts, omissions and/or misconduct of Plaintiff or a third party.

**NINTH AFFIRMATIVE DEFENSE**

9. To the extent applicable, the Complaint, and each and every cause of action alleged therein, may be barred, in whole or in part, by various equitable doctrines, including the doctrines of laches, estoppel, waiver, unclean hands, collateral estoppel, and/or res judicata.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff has failed to use due diligence to mitigate her damages, if any, as required by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. At all times and places alleged in the Complaint, Defendant's actions were privileged, including but not limited to that described in California Civil Code § 47, and/or justified under applicable law.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The City is a public entity and, as such, it is immune from exemplary damages under sections 818 and 825 of the California Government Code.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The Complaint, and each and every cause of action therein, are barred by the exclusive remedy of the workers' compensation law because (1) the Workers Compensation Appeals Board has exclusive jurisdiction over any claim by Plaintiff for injuries to health, including but not limited to any claim of emotional distress or physical injuries, and any claim for injuries incurred in the examination, treatment or care of any such emotional distress or injuries and (2) any such injuries arose out of and were sustained during the course and scope of Plaintiff's employment and were proximately caused by that employment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. The actions complained of by Plaintiff were done, in whole or in part, pursuant to a bona fide seniority and/or merit system.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. There are alternative adequate legal remedies available to Plaintiff and there is no danger of irreparable harm.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Any recovery may be barred, in whole or in part, by the after-acquired evidence doctrine.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Defendant is not vicariously liable for any act or omission of any other person, whether by way of respondeat superior, agency, or otherwise. If any wrongful activity occurred, or if Plaintiff suffered any injuries or damages, other parties or persons over whom Defendant had no control caused such injuries or damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. The City cannot be held liable under a respondeat superior theory for violations of 42 U.S.C. § 1981 based on alleged acts or omissions of its employees because the elements required for such liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny, do not exist.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. The Complaint, and each and every cause of action stated therein, fail to state facts upon which an order of attorneys' fees can be granted.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. No affirmative relief is warranted because any and all occurrences of which Plaintiff complains were due to reasons other than discrimination, retaliation, harassment, or any other impermissible basis.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiff's claims are barred because they have failed to comply with the jurisdictional prerequisites to maintaining lawsuits under the California Fair Employment and Housing Act, Title VII of the Civil Rights Act, and 42 U.S.C. § 1981, and to satisfy other jurisdictional and/or procedural prerequisites to suit.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. If Plaintiff is entitled to any recovery, Defendant is entitled to set off any prior recoveries, compensation, or benefits Plaintiff may have received in connection with the injuries or claims identified in this case and/or any collateral sources, including but not limited to having Plaintiff's recovery reduced as provided in Government Code § 985.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may apply in this case. Accordingly, Defendant reserves the right to assert additional affirmative defenses in this litigation as warranted.

WHEREFORE, Defendant prays for judgment as follows:

1. That judgment be awarded for Defendant;

2. That Plaintiff's prayer for monetary damages and equitable relief be denied;

3. That Plaintiff take nothing by this action;

4. That Defendant be awarded their costs of suit, including attorney's fees; and

5. That the Court order such other and further relief for Defendant as the Court may deem just and proper.

Dated: September 5, 2008

DENNIS J. HERRERA
City Attorney
ELIZABETH SALVESON
Chief Labor Attorney
RUTH M. BOND
Deputy City Attorney

By: /s/Ruth M. Bond ______________________
RUTH M. BOND

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO